WALTER E. SHJEFLO, ESQ. CSB#078135
SEAN P. RILEY, ESQ. CSB#161227
**SHJEFLO, RILEY & CRUZ LLP**
2000 ALAMEDA DE LAS PULGAS, SUITE 250
SAN MATEO, CALIFORNIA 94403-1271
TEL: (650) 341-2900
FAX: (650) 341-2258
Wshjeflo@shjeflo-riley-cruz-llp.com
Sean.riley@shjeflo-riley-cruz-llp.com

CHRISTOPHER C. COOKE, #142342
E: (ccooke@murphycooke.com)
**MURPHY COOKE LLP**
533 Airport Blvd., Suite 400
Burlingame, CA 94010
TEL: (650) 401-2220
ccooke@murphycooke.com)

Attorneys for Plaintiff Jewel Zeng and Hans Larsen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| Hans Larsen and Jewel Seperson, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>Connie Lane Christy, and Christy Collection International, Inc.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; DECLARATORY RELIEF: NEGLIGENCE; FRAUD CONCEALMENT AND DECEIT; INJUNCTIVE RELIEF; COMMON COUNTS; AND OTHER RELIEF**<br><br>**Jury Trial Demand** |

Plaintiffs allege as follows:

**A. The Parties**

1. At all times herein mentioned, Plaintiffs Jewel Seperson and Hans Larsen (collectively "Plaintiffs") are individuals who at all times referenced herein resided together as husband and wife in Santa Clara County, California.

2. Plaintiffs at all times referenced herein have owned real property commonly known as 27760 Edgerton Road, Los Altos Hills, California, and have resided in Santa Clara County at a nearby residence while their home is being remodeled.

3. Defendant Connie Lane Christy (hereinafter ("Christy") at all times referenced herein was an individual who at all times referenced herein engaged in the business of interior design as, among other things, a designer and procurer of household furnishings and other items for clients and sometimes also referred to as Connie Lane Christy ASID NCIDQ. Plaintiffs are informed and believe that Christy is a citizen of the state of South Carolina, with another residence in Idaho.

4. Defendant Christy Collection International, Inc. (hereinafter "Christy Collection") at all times referenced herein was a corporation established and existing under the laws of the State of South Carolina, with its principal place of business in South Carolina. Christy Collection is one of the entities Christy used to provide interior design and procurement services to Plaintiffs and others.

5. At all times set forth herein, each of the defendants was acting as an agent, employee or servant of each of the remaining defendants and in doing the acts alleged herein was acting either as an individual or within the course and scope of such agency, employment or service.

**B. Jurisdiction and Venue**

6. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is a dispute between citizens of a State (California) and citizens of the State of South Carolina and Idaho.

7. Venue is proper in the Northern District under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District.

8. Intradistrict venue is appropriate in the San Jose Division pursuant Civil L.R. 3-2(c) because a substantial part of the events or omissions giving rise to the claims occurred in Santa Clara County.

**C. Facts Common to All Claims for Relief**

9. Plaintiffs met Christy in or around January, 2024, when they saw her work online while Plaintiffs were in the process of planning the remodeling of their Los Altos Hills residence. Christy and Christy Collection represented to Plaintiffs, among other things, that Christy and Christy Collection were experts in home interior design and procurement of upscale household furnishings and other items as an agent for clients from third parties throughout the world and could assist Plaintiffs by providing such services to Plaintiffs at and for their Los Alto Hills residence.

10. On or about January 24, 2024, or shortly thereafter Plaintiffs, on the one hand, and Christy and Christy Collection, on the other hand, entered a partially written and partially oral agreement for Christy and Christy Collection to provide interior design services and to procure household furnishings and other items as Plaintiffs' agent from third parties for Plaintiffs' Los Altos residence in Santa Clara County, California. A true and correct copy of the written agreement is attached hereto as Exhibit "1." Based upon, among other things, Christy and Christy Collection's representations as to their expertise and services to be provided, Plaintiffs placed their trust and confidence in whereby Christy and Christy Collection were obligated and duty bound to act with the utmost good faith for the benefit of Plaintiffs as fiduciaries.

11. Pursuant to the written agreement, Plaintiffs immediately provided Christy and Christy Collection an approximate $30,800 deposit payment by wire transfer and they met at the premises. On or about May 23, 2024, Plaintiffs sent to Christy and Christy Collection

$659,189.87 as an additional payment so that defendants could purchase household furnishings and other items from third parties on Plaintiffs' behalf for their Los Altos residence.

12. In emails and text messages exchanged between Christy and plaintiffs between January 19, 2024 and December 9, 2024, defendants promised to order furnishings for plaintiffs' residence and to assist in the design of such residence, and to store all furniture and materials that defendants had purchased for plaintiffs until they were ready to accept delivery at their residence.

13. Due to delays and remodeling, in or around late February, March, and again on April 30, 2025, Plaintiffs requested that Christy and Christy Collection provide Plaintiffs, among other things, item inventories, purchase invoices, receipts, storage locations and the like for items allegedly purchased and stored by Christy and Christy Collection on Plaintiffs' behalf and asked that all such items be delivered to Plaintiffs' possession to a location in Sunnyvale, California. Christy and Christy Collection refused to deliver said items to Plaintiffs absent payment of alleged storage fees to which Plaintiffs never agreed. Christy and Christy Collection further refused to provide Plaintiffs among other things, item inventories, purchase invoices, receipts, storage locations and the like as Plaintiffs requested, to substantiate defendants' claims to have purchased items for plaintiffs' residence and having incurred storage fees for these items on plaintiffs' behalf.

14. Christy and Christy Collection also have not returned any funds to Plaintiffs and remain in possession of items, if any, that defendants allegedly purchased on Plaintiffs' behalf.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract – against all defendants )**

15. Plaintiffs incorporate the allegations in paragraphs 1 through 14 above as though fully set forth herein.

16. The contract between Plaintiffs, on the one hand, and Christy and the Christy Collection, is partly written and partly oral. Attached as Exhibit 1 is a true and correct copy of

the initial agreement between Plaintiffs and defendants. Pursuant to this contract, defendants Christy agreed to perform design services for plaintiffs and to purchase and supply home furnishings for them. Plaintiffs have performed all of the required duties and conditions of the parties' agreement, and demanded or demand Christy Collection and Christy perform all duties and conditions required of them.

17. Defendants have breached its duties and agreement with Plaintiffs by, among other things, charging for things not agreed upon, failing to list and inform Plaintiffs or deliver items procured and informing Plaintiffs of that at the outset and failing to use their expertise and advise Plaintiffs as to all aspects of the project including as to delays.

18. As a result of, among other things, the above breach of the agreement, Plaintiffs have been damaged in the amounts referenced herein in an amount that exceeds the jurisdictional minimum of this court.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief-Against All Defendants)**

19. Plaintiffs incorporate by reference the above allegations as though fully set forth herein.

20. An actual controversy as described herein has arisen and now exists between Plaintiffs and Defendants with respect to their respective rights and obligations under their agreements and other things. Pursuant to their agreements, communications, and law as to, among other things to provide their expertise, account for money spent and items procured and stored as to delivery and any charges for them and other matters whether stated herein or not.

21. Defendants dispute Plaintiffs' contentions as described herein.

22. Accordingly, Plaintiffs seek a judicial determination of the parties' respective rights and obligations under their agreements and the applicable municipal, state, and federal laws, statues and ordinances and enforcement thereof.

23. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their respective rights, interests and obligations as described above under the governing documents and applicable law.

24. Plaintiffs have demanded, among other things, that Defendants itemize, turnover and deliver and install and place their items per applicable law.

25. Unless and until Defendants are ordered to undertake and take the necessary actions to remedy these things, their conduct as alleged herein will continue to cause great and irreparable injury to Plaintiffs by causing repeated damage to Plaintiffs. Further, Plaintiffs will be forced to institute a multiplicity of suits to obtain adequate compensation for their damages and injuries.

26. As a proximate result of the actions or inactions of Defendants as described herein, Plaintiffs have no adequate remedy at law, have incurred damages, diminution in value of their home and assets, in excess of the jurisdictional minimum of this court.

**THIRD CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty – Against All Defendants)**

27. Plaintiffs incorporate by reference the above allegations as though fully set forth herein.

28. Based upon Defendants' relationship with Plaintiffs as described herein, Defendants are obligated to comply with their fiduciary and other duties to Plaintiffs, including as to their expertise and service agency and accounting for and turning over Plaintiffs' property procured by them.

29. As a proximate result of the actions or inactions of Defendants herein, Plaintiffs have incurred damages in a sum exceeding the jurisdictional limits of this court.

**FOURTH CLAIM FOR RELIEF**
**(Negligence – Against All Defendants)**

30. Plaintiffs incorporate by reference the above allegations as though fully set forth herein.

31. Defendants are obligated to comply with their agreements and equitable servitudes for the benefit of Plaintiffs and to exercise a duty of due care to act in accordance with contract documents and equitable servitudes so as not to create an unreasonable risk of injury or damages to Plaintiffs as it is reasonably foreseeable Plaintiffs may be injured as the result of their conduct.

32. Defendants have breached their duties of due care to Plaintiffs by failing to meet their obligations equitable, contractual and otherwise.

33. As a proximate result of the actions or inactions and breaches of duties of care herein, Plaintiffs have incurred damages in excess of the jurisdictional minimum of this court.

**FIFTH CLAIM FOR RELIEF**
**(Specific Performance and Injunctive Relief – Against All Defendants)**

34. Plaintiffs incorporate all prior paragraphs as though set forth fully herein.

35. Defendants have interfered with Plaintiffs' use and enjoyment of their home and other property, including those items held by Defendants, as provided herein, including failing to return said items.

36. Such conduct by Defendants is substantially injurious and unreasonable to Plaintiffs as it would be to other persons of normal sensibilities within the community in, among other things, its duration results in Plaintiffs being deprived of use of their property, and cannot be adequately rewarded except by immediate refund of the property.

37. Defendants' acts and failures to act as specified herein to which Plaintiffs did not consent were unknown to Plaintiffs and intentionally causing estoppel and continue and entitle Plaintiffs to injunctive relief and damages and other relief.

**SIXTH CLAIM FOR RELIEF**
**(Common Counts Against All Defendants)**

38. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

39. As a result of the contracts, communications, and conduct of the parties Defendants became indebted to Plaintiffs for money had and received and have failed to returm Plaintiffs' money causing damage as set forth herein.

**SEVENTH CLAIM FOR RELIEF**
**(Concealment, Fraud and Deceit Against All Defendants)**

40. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 14 above as though fully set forth herein.

41. Defendants made the promises and representations specified in paragraph 12 above to plaintiffs in emails and text messages exchanged between Christy and plaintiffs between January 19, 2024 and December 9, 2024.

42. In reliance on these promises and representations, plaintiffs provided defendants with an initial $30,800 deposit and then sent defendants $659,189.87 by wire transfer on May 23, 2024 to pay for furniture and other materials that defendants were supposed to purchase for plaintiffs' residence.

43. Plaintiffs are informed and believe that Defendants' representations to plaintiffs about procuring furniture and materials for plaintiffs' home were false when made and that defendants have not in fact purchased such items nor incurred storage fees with respect to such items. Plaintiffs' belief is based upon the fact that they have repeatedly asked defendants to provide a list of the items purchased, invoices, and other evidence that they have purchased such items and incurred storage fees on behalf of plaintiffs, but defendants have not provided any such evidence despite such requests.

44. The conduct of Defendants, including failing to inform Plaintiffs of information concerning the property procured by Defendants and otherwise, constitutes a concealment, fraud and deceit due to knowing the false misrepresentation as to procurement, holding, and delivery of Plaintiffs' assets with intent to deceive Plaintiffs.

45. When Defendants made these representations, promises and concealments, they knew or should have known them to be false and intended to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations and concealments.

46. Plaintiffs at the time these representations, promises and concealments were made by Defendants, and at the time Plaintiffs took the actions herein alleged, were ignorant of true facts.

47. As a proximate result of the fraudulent conduct of Defendants, Plaintiffs have been damaged and continue to be damaged as described herein.

48. Defendants' conduct was intentional, fraudulent, and malicious, warranting the imposition of exemplary damages against defendants.

49. Defendants' conduct in obtaining plaintiffs' money by means of false pretenses, false representations and actual fraud, constitutes a debt that is non-dischargeable in bankruptcy under the United States Bankruptcy Code, specifically 11 U.S. Code §523(a)(2(A) and §523(a)(4).

**EIGHTH CLAIM FOR RELIEF**
**(Conversion Against All Defendants)**

50. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

51. Plaintiffs owned and had the immediate right to possess the furnishings and other personal property items that Defendants claimed to have purchased from third parties for Plaintiffs with funds provided by Plaintiffs.

52. Defendants substantially and knowingly interfered with Plaintiffs' personal property items by preventing Plaintiffs from having access to such items and refusing to return such items after Plaintiffs demanded their return.

53. Plaintiffs did not consent to Defendants' continuing possession of Plaintiffs' personal property items, and were harmed by Defendants' continuing possession of Plaintiffs' personal property items.

54. As a proximate result of the conduct of Defendants, Plaintiffs have been damaged and continue to be damaged as described herein.

55. Defendants' conduct was intentional, fraudulent, and malicious, warranting the imposition of exemplary damages against defendants.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as follows:

1. A declaration of the rights and obligations of the parties and damages including as to Defendants, the fair market value of Plaintiffs' personal property items, diminution in value of Plaintiffs' personal property items, return and recovery of all funds Plaintiffs provided

Defendants and return of Plaintiffs' personal property items, loss of use, and other damages, in a sum exceeding the jurisdictional limits of this Court, according to proof.

2. As to Defendants, a temporary restraining order and preliminary and permanent injunctive relief in the form of an order and a declaration and decree that Defendants remedy their wrongful acts, including return of Plaintiffs' property including an order and a declaration that Defendants are obligated to comply with their duties.

3. For interest on all sums paid at the prevailing legal rate from January 24, 2024 to the present;

4. For a declaration that Defendants' conduct in obtaining plaintiffs' money by means of false pretenses, false representations and actual fraud, is a debt that is non-dischargeable in bankruptcy under the United States Bankruptcy Code, specifically 11 U.S. Code §523(a)(2(A) and §523(a)(4).

5. For reasonable attorney's fees and costs of suit to the extent allowed by law;

6. Exemplary damages, sufficient to punish and deter defendants for their fraudulent, malicious, and illegal conducts; and

7. For such other and further relief as the court may deem proper.

Dated: May 2, 2025

SHJEFLO, RILEY & CRUZ LLP

By: /s/
Walter E. Shjeflo, Esq.
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs request a jury trial on all claims so properly tried.

Dated: May 2, 2025

SHJEFLO, RILEY & CRUZ LLP

By: /s/ [signature]

Walter E. Shjeflo, Esq.
Attorneys for Plaintiffs

# EXHIBIT 1

Contract




Interior Design Proposal

Jewel Seperson and Hans Larsen January 24, 2024
27760 Edgerton Road
Los Altos Hills, CA

Jewel Seperson and Connie Lane Christy ASID NCIDQ have been in communication since January 19th about she and Hans remodel project in Los Altos Hills. She sent specifications, drawings, and Houzz Idea Books about their project which started about a month ago. We got to get basic information for programming the detailing of the house from subsequent conversations and the documents sent. Seeing more information about this project gives us a basic understanding of what is needed by the design team.

Design Intent:

Jewel will be moving into the house with her husband Hans Larsen and their two sons. The house will be a total of about 8000 square feet and has wonderful bones about it. Jewel and Hans need an interior design team to pull the house together with additional furniture and review finish choices that have been made to date.

Jewel has provided information about percentages of furniture needed for each area of the house.

The design team must have a fairly "hands on" approach to the project by visiting the house under renovation, being available to the Architect, General Contractor, Tradespeople, and the family when needed throughout the project.

Our buying power with all of our manufacturers brings a strength to the table that is not rivaled by any design team in the US. We buy at net / net and apply a nominal mark up for the client. It creates a culture of finding value in everything we do, and saving the client dollars.

Design Process:

Christy Collection International Inc. will pull together a concept that works within the space to provide the workable plan and products that are more durable and better quality than most retail or big box stores can provide for the dollars spent. Many options will be provided to allow Jewel and Hans choices, and levels of quality and pricing.

We offer quality products that are available when you need them that can complete the house within the 13 month time frame established by the Architect and General Contractor. Our design process will involve giving solutions that are based on establishing a reasonable budget for Jewel and Hans for furniture, accessories, ART and other details to create the look desired. The direction that Jewel and Hans are looking at is contempory / modern blend with some traditional touches with a timeless feeling.

We have a warehouse to receive products, store them until install, and have our own crews to deliver and install all pieces. We have installation crews for window treatments, and anything attached to the house. Our own team of installers are well versed in all aspects of your needs.

We will work with Jewel and Hans to make decisions that will make them happy long term, as well as short term. Our purchasing relationships with furniture manufacturers is very strong. We buy at net, not from stores. This will buy you better quality and usually lower pricing.

Christy Collection International Inc will be responsible for reviewing, revising (as necessary), and purchasing lighting fixtures based on the existing selection.

We are charging a retainer or flat fee. We do not like to bill hourly with monthly surprises and concerns for long term engagement.

We are basing our flat fee on your square footage of 8000 square feet. We are using 3.85 per foot. National design averages for this work are 6.75 – 8.45 per square foot. We are always more aggressive and include more services than most design firms. Our fee for your project will be $30,800.00 for this design concept and process. Our fees are always aggressive and an investment in the whole relationship with a client.
We intend to spend more time that $30,800.00 will buy to accomplish this. Our hourly rate is 195.00 hourly normally. We will not bill you for more. That is our FOREVER commitment to you!

Accessibility:

We are available to you when you need us. I will personally be available for all meetings and inspections. This is a personal commitment on my part to insure that this project goes seamlessly.

To hire us please sign below, and email it to me personally at clc@christycollectioninternationalinc.com.

This amount may take a domestic wire transfer (depending on your bank). We also accept Venmo and Zelle.

This fee must be paid before we commence work.

Agreed by the following parties:

*Jewel Seperson, Hans Larsen*

---

Jewel Seperson and Hans Larsen 27760 Edgerton Road Los Altos Hills CA - client

---

Connie Lane Christy Christy Collection International Inc- design firm